1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8   **DANN DETWILER,**                    )
                                          )
9           **Plaintiff**                 )
                                          )
10  **vs.**                               )           **No. 07-CV-192-RCC-CRP**
                                          )
11  **MICHAEL ASTRUE, Commissioner**      )           **REPORT AND**
    **of Social Security**                )           **RECOMMENDATION**
12                                        )
            **Defendant**                 )
13  _____   )

14          Pending before the Court is Plaintiff's Motion for Attorney's Fees.  (Doc. 16).

15  Plaintiff's counsel requests $11,189.00 in fees pursuant to 28 U.S.C. § 2412(d), the Equal

16  Access to Justice Act ("EAJA"), for 68.5 hours worked on a social security disability case.

17  (Doc. 18, at 11).  He requests that the fees be paid directly to him.  The Government has

18  objected to nearly one-third of the fees requested by Plaintiff's counsel. (Doc. 17).  Having

19  determined that Plaintiff's counsel has requested fees for an unreasonably high number of

20  hours, and has calculated the fee request by an improper formula, the Court in its discretion

21  and for the reasons below recommends that the District Judge, after his independent review

22  and analysis, award Plaintiff's counsel fees in the amount of $6860.21.

23  **I.  Reasonableness of Hours Expended**

24          Plaintiff's counsel has applied for fees under EAJA.  Under that statute, "a district

25  court's award of attorney's fees must be 'reasonable.'  'The most useful starting point for

26  determining the amount of a reasonable fee is the number of hours reasonably expended on

27  the litigation multiplied by a reasonable hourly rate.'" Sorenson v. Mink, 239 F.3d 1140,

28  1145 (9th Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The Court

has "wide latitude in determining the number of hours that were reasonably expended" by the party seeking fees under EAJA, id. at 1146, and "may credit that party with fewer hours if the time claimed is 'excessive, redundant, or otherwise unnecessary,'" Cunningham v. County of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988) (quoting Hensley, 461 U.S. at 434). Fees for paralegal services are recoverable under EAJA. See Richlin Sec. Serv. Co. v. Chertoff, 128 S.Ct. 2007, 2014 (2008). However, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).

Here, the Government argues the fee request "contains inappropriate entries for work that is not attorney work" (Doc. 17, at 4), and that the fees requested for attorney work are "excessive and unreasonable." (Doc. 17, at 5). Plaintiff's counsel argues in reply that "at least some of the administrative work" challenged by the Government was done by a paralegal, and maintains that the attorney hours expended on the underlying case were indeed reasonable, (Doc. 18, at 10, 3). After review of the time records submitted by Plaintiff's counsel, the Court has determined that several of the time entries are excessive and unreasonable.[1] Accordingly, the Court recommends that fees be awarded based on the following analysis.

**A. Paralegal work**

Plaintiff's counsel requests fees for five hours of work expended by a paralegal. (Doc. 18, at 12). After reviewing that request, the Court has determined that only 2.5 hours of paralegal work are reasonable.

Four of the paralegal's time entries concern tasks that required minimal time, such as reviewing short documents and filing and sending summonses. (See time entries for 5/24/07, 7/5/07, 2/6/08, and 2/7/08). The 2.7 hours requested by Plaintiff's counsel for those tasks are, in the Court's estimation and experience, excessive. As such, the Court recommends

---

[1]The underlying social security case was straightforward and uncomplicated. Plaintiff's Motion for Summary Judgment was only 13 pages in length. Furthermore, the Government stipulated to remand, given the ALJ's "patent" error.

1   that the time credited to Plaintiff's counsel for those four entries be reduced from 2.7 hours

2   to 1.0 hour.

3       Additionally, Plaintiff's counsel requested fees for 0.8 hours of work that is "purely

4   clerical or secretarial," including reviewing notices of appearance and orders granting

5   extensions. (See time entries for 7/23/07, 9/5/07, 9/21/07, and 1/8/08). Such tasks require

6   no legal skill or training; therefore, fees for such tasks are not recoverable under EAJA. See

7   Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).

8       Reducing the paralegal's hours accordingly, the Court recommends that Plaintiff's

9   counsel be awarded fees for 2.5 hours of paralegal work.

10  **B. Attorney Work**

11      Plaintiff's counsel requested fees for 63.5 hours of attorney work expended between

12  April 2007 and May 2008. (Doc. 18 at 11). Having carefully reviewed the request, the Court

13  has determined that only 39.75 hours of attorney work should be credited to Plaintiff's

14  counsel, insofar as certain time entries submitted by Plaintiff's counsel are excessive, while

15  others are inadequately documented.

16      Plaintiff's counsel requested fees for 21.0 hours spent reviewing 342 pages of the

17  record, 18 pages of a transcript, and 24 pages of the Appeals Council's action. (See time

18  entries for 10/11/07, 10/12/07, 10/15/07, 10/16/07). In the Court's experience, 21.0 hours

19  is excessive for such work. Given the relatively small number of pages to review and the

20  uncomplicated nature of the case, a reasonable amount of time to expend reviewing these

21  documents is 8.0 hours.

22      Additionally, Plaintiff's counsel requested 12.0 hours for legal research. (See time

23  entry for 10/17/07 and 10/18/07). Plaintiff's counsel lists nine cases, eight statutes, and six

24  regulations he reviewed. (See id.). In light of the relatively straightforward nature of

25  Plaintiff's underlying case, the time expended by Plaintiff's counsel on legal research is

26  excessive. On the facts of this case, a reasonable amount of time for legal research is 8.0

27  hours.

28      Next, Plaintiff's counsel requested fees for 12.0 hours to draft and submit a Motion

1    for Summary Judgment.  (See time entries for 11/28/07 and 11/29/07, and 12/3/07).  The

2    Motion for Summary Judgment was 13 pages in length.  The Court finds that 12.0 hours to

3    draft and submit that Motion was excessive, and recommends that Plaintiff's counsel instead

4    be credited 10.0 hours for his work on that Motion.

5        Finally, Plaintiff's counsel requests fees for an additional 10.0 hours of work

6    expended in preparing his Reply.  (Doc. 18, at 11).  The Reply is 10 pages in length;

7    Plaintiff's counsel has provided no documentation to support his claim of 10.0 hours spent

8    researching and drafting the document.  As such, the Court recommends that Plaintiff's

9    counsel be credited 8.0 hours for researching and drafting his Reply.

10   The remaining 5.75 hours billed by Plaintiff's counsel for attorney work appear to be

11   reasonable.  (See time entries for 4/27/07, 9/3/07, 9/28/07, 10/10/07, 10/11/07).  Taken

12   together, Plaintiff's counsel reasonably expended 39.75 hours of attorney work compensable

13   under EAJA.

14   **II.  Calculating the Fee Award Under EAJA**

15   **A.  Fees for Attorney Work**

16       Under EAJA, a district court may adjust an attorney's fee to compensate for an

17   increase in the cost of living.  28 U.S.C. § 2412(d)(2)(A).  To determine this adjustment, the

18   court multiplies the basic EAJA rate by the consumer price index for urban consumers ("CPI-

19   U") "current in the year when the fee is earned," then divides the product by the CPI-U for

20   March 1996, the month in which the relevant cap was imposed.  Sorenson v. Mink, 239 F.3d

21   1140, 1148 (9th Cir. 2001).

22       Plaintiff argues that, under Sorenson, "the attorney is entitled only to the increase in

23   CPI during the time he actually performed work on behalf of the plaintiff," (Doc. 18, at 10),

24   and urges the court to determine the adjustment by reference to the CPI-U for each month

25   in which the work was performed (Doc. 18, at 11).  Plaintiff provides no legal basis for this

26   month-by-month formula, which seems at odds with the plain language of Sorenson.  There,

27   the Ninth Circuit noted that "[e]nhancing the EAJA's base rate by the CPI-U that is current

28   *in the year* when the fee is earned compensates for increases in the cost of living between the

1    time that the EAJA was enacted and the time that the fee was earned." <u>Sorenson</u>, 239 F.3d

2    at 1148 (emphasis supplied).  The Court further specified that, "[o]n remand, the [district]

3    court should calculate the cost-of-living adjustment according to the CPI-U *for the year* in

4    which the fees were earned." <u>Id.</u> At 1149 (emphasis supplied).  Plaintiff seeks to distinguish

5    <u>Sorenson</u> on the ground that the underlying action in that case was a multiyear class action.

6    (Doc. 18, at 10-11).  The Ninth Circuit's decision in <u>Sorenson</u>, however, made no attempt

7    to confine its holding to the facts of that case and gave no indication that the cost-of-living

8    adjustment formula should vary with a given case's duration.

9            Employing the <u>Sorenson</u> formula, then, this Court recommends that Plaintiff's counsel

10   be awarded fees for attorney work in the amount of $6672.71.

11           The basic rate for attorney's fees under EAJA is $125 per hour.  28 U.S.C. §

12   2412(d)(2)(A).  The March 1996 CPI-U was 155.7.  U.S. Dept. of Lab., Bureau of Lab.

13   Statistics,  <u>Consumer  Price  Index:  All  Urban  Customers</u>,

14   ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt (Oct. 16, 2008).  The average annual CPI-U

15   for 2007 was 207.342. <u>Id.</u>  The average CPI-U for January through September 2008, the last

16   month for which data is presently available, was 216.045.  <u>See id.</u>  Using the <u>Sorenson</u>

17   formula, then, the hourly rate should be $166.46 for 2007[2], and $173.45 for 2008[3].

18           The Court has determined that Plaintiff's counsel reasonably expended 31.75 attorney

19   hours in 2007, and 8.0 attorney hours in 2008.  Plaintiff's counsel therefore should be

20   awarded fees for attorney work in the amount of $5285.11 for 2007[4], and $1387.60 for 2008[5],

21   for a total of $6672.71.

22

23

24   _____

25           [2]($125 x 207.342) / 155.7 = $166.46.

26           [3]($125 x 216.045) / 155.7 = $173.45.

27           [4]$166.46 x 31.75 = $5285.11.

28           [5]$173.45 x 8.0 = $1387.60

**B. Fees for Paralegal Work**

Additionally, Plaintiff's counsel should be awarded fees for 2.5 hours of paralegal work. In <u>Richlin Security Service Co. v. Chertoff</u>, 128 S.Ct. 2007, 2014 (2008), the Supreme Court held that, because EAJA "generally provides for recovery of attorney's fees at 'prevailing market rates,' it follows that fees for paralegal services must be recoverable at prevailing market rates as well."[6] This Court has determined that the prevailing market rate for paralegal services in Tucson, Arizona is $75 per hour. Therefore, Plaintiff's counsel should be awarded $187.50 in paralegal fees.

**III. Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court, after its independent review and analysis, enter an order awarding Plaintiff's counsel fees in the amount of $6860.21.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cv-07-192-RCC**.

DATED this 12th day of November, 2008.

*Charles R. Pyle*

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]Although the <u>Richlin</u> Court specifically addressed attorney fees under 5 U.S.C. § 504, the Court "assume[d] without deciding that the reasoning of [its] opinion would extend equally to §§ 504 and 2412." <u>Richlin</u>, 128 S.Ct. at 2012 n.3.